U. S. DISTRICT COURT - DE
MISC. CASE # 05-219

COPY

ROSLYNN R. MAUSKOPFF.
UNITED STATES ATTORNEY

WILLIAM YOUNG (WY9160)
Special Assistant U.S. Attorney
1 Pierrepont Plaza, 14th Fl.
Brooklyn, New York 11201
Telephone:   (718) 254-6057

ARLENE P. MESSINGER (APM 1280)
Assistant General Counsel for SBIC Enforcement
Small Business Administration
409 Third Street, S.W., Seventh Floor
Washington, D.C. 20416
Telephone:   (202) 205-6857
Facsimile:   (202) 205-7154

RECEIVED
SEP 30 2005
U.S.D.C. S.D. N.Y.
CASHIERS

Judge Hellerstein

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA, )
                          )
        Plaintiff         )   05 CV 8395
                          )
    v.                    )   Civ. Action No.
                          )
WINFIELD CAPITAL CORP.,   )
                          )
        Defendant         )
                          )

COMPLAINT

COMES NOW Plaintiff, the United States of America, on behalf of its agency, the United States Small Business Administration, and for its cause of action states as follows:

## PARTIES, JURISDICTION AND VENUE

1. This is a civil action brought by the United States of America on behalf of its agency, the United States Small Business Administration (hereinafter, "SBA," "Agency" or "Plaintiff"), whose central office is located at 409 Third Street, S.W., Washington, D.C., 20416. The defendant has stipulated and consented to the entry of the requested relief in this civil action.

2. Jurisdiction is conferred on this Court by virtue of the Small Business Investment Act of 1958, as amended (hereinafter, the "Act"), Sections 308(d), 311, and 316; 15 U.S.C. §§ 687(d), 687c, 687h; and 28 U.S.C. § 1345.

3. Defendant, Winfield Capital Corp. (hereinafter "Winfield") maintains its principal place of business at 237 Mamaroneck Avenue, White Plains, New York, 10605. Venue is therefore proper under 15 U.S.C. §§ 687(d), 687h, and 28 U.S.C. § 1391(b).

## STATEMENT OF FACTS

4. Winfield was licensed by SBA as a small business investment company ("SBIC" or "Licensee"), SBA License No. 02/02-0292, under Section 301(c) of the Act, 15 U.S.C. § 681(c), solely to do business under the provisions of the Act and the regulations promulgated thereunder.

5. Section 308(c) of the Act, 15 U.S.C. § 687(c), empowers SBA to prescribe regulations to carry out the provisions of the Act and to govern the operations of SBICs. SBA has duly promulgated such regulations, which are codified at Title 13 of the Code of Federal Regulations, Part 107 (the "Regulations").

6. Section 308(d) of the Act, 15 U.S.C. § 687(d), provides that upon determination and adjudication of noncompliance or violation of the Act or the

Regulations, all of the rights, privileges and franchises of a Licensee may be forfeited and the company may be declared dissolved.

7. Section 311 of the Act, 15 U.S.C. § 687c, provides that, whenever in the judgment of SBA, a Licensee, or any other person, has engaged in or is about to engage in any acts or practices which constitute or will constitute a violation of the Act or of any Rule or Regulation promulgated pursuant to the Act, or of any order issued under the Act, then SBA may make application for an injunction, and such Court shall have jurisdiction of such action and shall grant permanent or temporary injunction, or other relief without bond, upon a showing that such Licensee has engaged in or is about to engage in any such acts or practices. The Court may also appoint SBA to act as receiver for such Licensee.

8. In accordance with Section 303 of the Act, 15 U.S.C. §683b, SBA provided leverage to Winfield through the purchase of debentures totaling $19,536,659.92.

9. Winfield was placed into liquidation status as a consequence of its regulatory violation of failing to maintain an acceptable capital impairment percentage, as that term is defined in the Regulations at 13 C.F.R. §1830 (2001).

10. By Forbearance Agreement dated April 6, 2005, Winfield agreed that it had violated SBA's regulations regarding capital impairment and acknowledged that SBA is entitled to a judgment and to be appointed receiver. A copy of the Forbearance Agreement is attached hereto as Exhibit 1 and incorporated herein by reference.

11. In the Forbearance Agreement SBA agreed to temporarily forbear on seeking a judgment and the appointment of SBA as Receiver of Winfield based on the

performance of certain conditions by Winfield. One of the conditions required Winfield to pay its outstanding indebtedness to SBA by June 30, 2005. As of March 23, 2005, Winfield was indebted to SBA in the amount of $4,997,111.73.

12. The Forbearance Agreement provided that failure to make payment of its indebtedness was an event of default and that if such event of default were to "occur and remain uncured for a period of fifteen (15) days after the date of the letter from SBA to Winfield stating the event of default, the entire unpaid balance of the principal and interest of the outstanding indebtedness shall become immediately due and payable and without the necessity of demand, presentment, protest or notice upon Winfield, all of which are expressly waived by Winfield. In addition, SBA may file and enforce the Consent to Receivership, which is to be executed by Winfield simultaneously with the execution of this Agreement, and apply to the U.S. District Court for the appointment of SBA as Receiver and for a money judgment." A copy of the stipulated settlement and a signed consent order are attached hereto as Exhibit 2 and incorporated herein by reference.

13. By letter dated July 1, 2005, Winfield was informed of their default and advised that if the event of default was uncured for fifteen days the entire unpaid balance pf principal plus interest would become due and payable and that SBA may enforce the consent to receivership. A copy of the letter dated July 1, 2005 is attached hereto as Exhibit 3 and incorporated herein by reference.

14. Winfield's 10Q filing with the Securities and Exchange Commission for the period ended June 30, 2005 admits that Winfield is in default of the Forbearance

Agreement. A copy of the relevant pages of Winfield's 10 Q filing are attached hereto as Exhibit 4 and incorporated herein by reference.

15. Winfield has failed to pay the full amount of the Indebtedness in the time required under the Forbearance Agreement. As of September 13, 2005, Winfield is Indebted to SBA in the amount of $3,737,472.62 plus interest which continues to accrue at the rate of $712.01 per day. A copy of SBA's

## COUNT ONE
## BREACH OF AGREEMENT

16. Plaintiff re-alleges and reincorporates paragraphs 1 through 15 as though fully set forth herein.

17. By executing the Forbearance Agreement, Winfield agreed to pay SBA the total amount of the Indebtedness, comprised of $4,997,111.73, plus interest, on or before June 30, 2005.

18. As of September 13, 2005, there remains an outstanding balance of $3,737,472.62 plus interest which continues to accrue at the rate of $712.01 per day on the Indebtedness, which is due SBA from Winfield.

19. To date, Winfield has failed to pay SBA the full amount due under the Indebtedness and is in default of the Forbearance Agreement.

20. As a consequence of Winfield's failure to pay the Indebtedness when due and in accordance with the Forbearance Agreement, SBA has suffered, and continues to suffer, damages in the amount of $3,737,472.62 plus interest which continues to accrue at the rate of $712.01 per day.

21. Winfield has consented to the requested relief of the entry of a judgment and the appointment of SBA as Receiver.

5

**WHEREFORE**, Plaintiff prays as follows:

A. That this Court approve and enter the Consent Order and Judgment filed simultaneously herewith;

B. That injunctive relief, both preliminary and permanent in nature, be granted Winfield, its directors, managers, officers, agents, employees and other persons acting in concert or participation therewith from: (1) making any disbursements of Winfield's funds; (2) using, investing, conveying, disposing, executing or encumbering in any fashion any or all funds or assets of Winfield, wherever located; or (3) further violating the Act or the Regulations promulgated thereunder.

C. That this Court take exclusive jurisdiction of Winfield, and all of its assets, wherever located, appoint SBA as permanent receiver of Winfield for the purpose of liquidating all of Winfield's assets and satisfying the claims of its legitimate creditors therefrom in the order of priority as determined by this Court, and pursuing causes of action available to Winfield, as appropriate.

D. That this Court enter judgment against Equitas and in favor of SBA in the amount of $3,737,472.62 plus interest which continues to accrue at the rate of $712.01 per day through the date of judgment and post judgment interest therefrom.

E. That this Court orders that Winfield's license to operate as an SBIC shall be revoked upon the wind-up and conclusion of the receivership thereof.

F. That this Court grant such other and further relief as may be deemed just and proper.

Respectfully submitted,

ROSLYNN R. MAUSKOPFF.
UNITED STATES ATTORNEY

Dated: September 29, 2005

William Young, Esq. (WY9160)
Special Assistant United States Attorney
United States Attorney's Office
1 Pierrepont Plaza, 14th Floor
Brooklyn, NY
(718) 254-6057

Dated: September 23, 2005

Arlene Messinger, Esq. (APM1280)
Associate General Counsel for SBIC Enforcement
United States Small Business Administration
409 3rd Street, SW
7th Floor
Washington, D.C. 20416
(202) 205-6857